The Court,

Gilpin, Ch. J.,

charged the jury: This is an action of trover, brought by the plaintiffs to recover from the defendant the value of the hull of a sloop, contracted' to be built for the latter by James H. Tubbs, to be delivered to him when completed, by a certain time, in the city of Philadelphia, subject to inspection there, if the defendant should require it. By the terms of the contract, Hall, the defendant, was to pay Tubbs, the builder, for the work at specific stages'of it by instalments, as it progressed, Tubbs to supply all materials, as well as to do all the work at the stipulated price of twenty-eight dollars per ton. It is in proof that the defendant had paid to Tubbs the two first instalments, and one hundred dollars over, amounting to $951.38, and to one hundred dollars more than the two-thirds of the whole price agreed to be paid for it. Afterwards, and when the vessel had been about *513 two-thirds built, several executions were sued out by certain judgment creditors of Tubbs, the builder, and were levied on the vessel as his propertyupon which Tubbs at once abandoned his work upon it, and gave up the vessel in her unfinished condition to the defendant; in which she was afterwards sold at public sale under these executions and levies, and was purchased by the plaintiffs. They then made a formal demand on the defendant for the vessel, but he refused to deliver her to them, claiming her as his own property; and proceeding to have the work upon her completed at his own expense, he afterwards carried her away and converted .her to his own use.
Upon this state of facts it is contended on the part of the plaintiffs, that the vessel was the property of Tubbs, the builder, at the time when the executions were levied on it; whilst on the contrary, it is insisted upon the other side, that she was at that time the property of Hall, the defendant, by virtue of the written contract which has been proved between them, and the instalments duly paid by Hall to Tubbs during the progress of the work upon her up to that time; on the ground that these instalments having been paid pursuant to the agreement as the work proceeded, it constituted what is termed an appropriation of the vessel as the work upon it progressed, to the defendant as his property. And it is upon this point the decision of the case depends; for if the principle of law applicable to the case under the facts proved, is such as it has been stated to be by the counsel for the defendant, then the verdict should be in his favor; but if it is otherwise, then it should be for the plaintiffs.
The general principle of the common law on this subject has. been correctly stated, and is admitted on both sides, and that principle is this: when a contract is entered into for an article not then in existence, but which is after-wards to be made, or constructed, it does not become the property of the person for whom it is to be made, until it is completed and delivered to him, or is, at least, ready to be delivered to him, unless it is otherwise specially pro *514 vided in the contract. Because, notwithstanding this is the general principle of the common law in such cases, it is competent for the /parties to provide by. express agreement in their contract, that the article shall become the property of the purchaser at any particular stage of the work upon it; but in the absence of any such stipulation between them in the contract, the general, principle of the common law, as before stated, must prevail in regard to the ownership of it. But as there is no such provision or stipulation in the contract proved in this case, on the com, trary, it is wholly silent on this point, and inasmuch as it expressly provides that the hull of the sloop was to be finished and delivered by Tubbs to the defendant on or before a certain day in Philadelphia, subject to the inspectian of two persons, if required by the latter, we consider and feel bound to say to you that the ownership of the vessel and the property in her'was in. contemplation of law in Tubbs, the builder, at the time when the executians in question were sued out and levied upon her as. his property, and that the subsequent sale of all Ms- right, title and interest in her, upon these executions, conveyed the legal title and property in her to the plaintiffs as the purchasers, notwithstanding the instalments paid and the money advanced on account of the work up to that time by the defendant to the builder; and that the plaintiffs are therefore entitled to recover.
Several adjudicated cases have been cited by the counsel for the defendant, to show what has been the ruling of the courts inxEngland on the doctrine of appropriation, as it is termed, in cases of this nature, or at all events, somewhat similar to this. But without entering into a particular examination of these cases, some of which appear to ,rest on no very satisfactory or well-established principle, suffice it to say that we know of no case in which that doctrine has been ruled, or recognized in the courts of this country. On the contrary, the decision^ here have been the other way; and in the latest case which appears to have arisen in our courts, which was the case of An *515 drews et al. v. Durant et al., 1 Kern. 35, very recently decided in the Court of Appeals in Hew York, the principle of the cases as ruled in England on this question was expressly repudiated and denied as law in this country.
As the defendant was suffered, after the sale to the plaintiffs, to proceed and finish and complete the construction of the hull of the sloop at his own cost and expense, should the jury find for the plaintiffs, the measure of the damages will he the value of it at the time of the levy of the executions upon it.
Verdict for the plaintiffs.